**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**                                                         **NO. 3:24-CV-141-DMB-JMV**

**KUNTA JOHNSON**                                                      **DEFENDANT**

## ORDER

On May 13, 2024, the United States of America filed a complaint against Kunta Johnson in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Johnson's receipt of Paycheck Protection Program ('PPP') funds to which he was not entitled." Doc. #1 at PageID 1. The complaint alleges that Johnson, through misrepresentations, received PPP loan proceeds totaling $41,462.00,[1] for which the Small Business Administration paid $5,000.00 in processing fees to the financial institutions involved, and that based on false statements by Johnson, the financial institutions involved were reimbursed by the SBA. *Id.* at PageID 7, 8.

On July 15, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the proposed [consent judgment]." Doc. #4 at PageID 17. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Johnson who appears pro se. *Id.*

---

[1] The complaint alleges Johnson received two PPP loans, the first in the amount of $20,629.00 and the second in the amount of $20,833.00. Doc. #1 at PageID 7.

Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Johnson to pay $46,462.00 plus interest and a $405.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 18th day of July, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2